All. Oral argument is not to exceed 15 minutes per side. Matthew Crawford, for the appellant, you may proceed. Thank you and good afternoon. May it please the court, Matthew Crawford, Senior Assistant City Solicitor on behalf of the City of Cincinnati and Cheryl Long. The trial court in this case on interlocutory appeal committed error in two broad ways that I'll discuss. First, I'll address the error in denying qualified immunity on the due process claim under 42 U.S.C. 1983. This was because the trial court engaged in a case-driven analysis rather than a charter language-driven analysis, when it separated the words for cause to create a classified status protection for the fire chief. Next, I'll move to why the trial court erred in denying statutory immunity under revised code 2744.03A6 on the defamation claim. I have a question. In your opening brief, you have this line, even accepting the facts in the light most favorable to appellee. And in your reply brief, you have a line, even conceding the facts as Washington set forth before the district court. Do you stand by those statements today and are you willing to concede the facts or the record in light most favorable to your friends on the other side? Yes, Your Honor. The short answer is we are accepting the facts for purposes of this appeal and nothing more than that. Well, I'm concerned because so many of the arguments relate to either factual questions or mixed questions of fact and law. I'm thinking of the waiver issue. That's a mixed question of fact and law, clearly. And I think that's pretty easy to recognize because a waiver has to be knowingly, intelligently, and voluntarily as to whether he waived his rights. And what the court held below, aren't you bound by that in order to have any jurisdiction here? Thank you for that question, Your Honor. I think the trial court's decision on that issue stands today. I think what we are arguing that the right that the trial court established was not, to the extent it existed, was certainly not clearly established as required under our case law in March of 2023. And so aside from the waiver issue, I'd like to go specifically to where the trial court erred, specifically with regard to qualified immunity. And it did so when it looked at the source of the property interest in employment. And so that property interest derives from the state law that's the source of the right here at Home Rule. Maybe I have an antecedent question that I've not explained very well. I'm asking you how you have jurisdiction to be here if you don't acknowledge and accept the factual findings of the court. For example, on whether he waived, on whether the statements... Any factual determination made by the court below seems to me to be challenged in your claim that he waived it by signing the MOU and you get to make the interpretation of the charter provision. But aren't you bound by both of those facts that were determined by the court because they are either fact-bound or mixed questions of fact and law? I think I better understand your question now, Your Honor. And yes, for purposes of this appeal, I would agree with you. However, I think notwithstanding those factual findings, there are other independent reasons that the right was not clearly established in March of 2023 that I'd like to get into for the court. So the court looked at the Home Rule Charter and the voters approved amending this charter in 2001 after a period of civil unrest in the city. And so for the first time, the fire chief had been removed from the classified civil service and the position was designated as unclassified under the charter. The word unclassified was new to that section of the charter and as this court held in Christoffel v. Kukulinski, unclassified civil servants do not have the property rights of classified civil servants. Can I ask in our due process jurisprudence, right, about when you do get pre-termination hearings, when you do have a property of interest, are things turning on the label classified versus unclassified or are they turning on the rights that are conferred with the job? So I understand that I have your charter before me, your exhibit of the charter, and I do see that it says it's unclassified, right? But it also is very clear that after six months you can only be fired for cause. So I'm trying to figure out are we supposed to make determinations just based on labels or are we supposed to make determinations based on the substance of the right conferred? Thank you. The determination is in large part on the label. Classified and unclassified status under Ohio law have a particular meaning that have been cited repeatedly in the case law in the Sixth Circuit. So are generally unclassified positions ones that you can only be fired for cause? Do those things usually go together in our case law? Unclassified positions would typically be considered an at-will position without the trappings of due process. Right, but you understand here we have an unclassified position that after six months does have a four-clause provision in it. I understand that, Your Honor. Yes, after six months the fire chief, the city would need to articulate a reason under the charter for cause, for termination. And we've had other cases that have required four-clause termination and not at-will termination where we've said no property interest. That is true. Which ones are those? I'm sorry, let me make sure I understand your question. You're asking whether there are other cases that hold that four-clause employment is at-will? Well, clearly if it's four-clause, it's not at-will. So I'm asking if we have cases that say that removal can only be for cause and that there is no property interest such that a pre-termination hearing or some sort of due process doesn't attach. Because that, I think, is what you're asking us to do here, to kind of overlook that it says for cause here. And I'm just, if we're going to do that, I'd like it to be established and imprecedent. Well, Your Honor, if I can answer that one point, we acknowledge that the charter language says for cause. I think where we differ is that, or what the city's position is, is that it was not absolutely clear at the time of the termination that more process was owed than was required. Because of the change in language from classified to unclassified, the trial court acknowledged as much itself that the source of the right is someone who is not at-will. And that was somewhat awkwardly phrased and acknowledged that an alternate interpretation of the charter language is possible. And so for qualified immunity purposes, the city was trying to navigate this language for the first time. The only decision that had been looked at... So when reading this, what is the reading that says you can fire this person at-will after six months? The at-will terminology, Your Honor, comes from the unclassified civil service status from the beginning of employment. And just calling someone unclassified with these more detailed terms. Where would it be reasonable for me to read when it says after the fire chief has served six months, he or she shall be subject to removal only for cause? And then it explains what for cause means. Where the ambiguity comes because here we could have an unclassified person who also has for cause protection? That is the ambiguity, Your Honor, and I'll go farther in the charter, farther than the trial court did in looking at the process laid out. Which is that if the fire chief is removed for cause, then the fire chief may demand written charges and the right to be heard thereon before the city manager. And it's pending the completion of such hearing, the manager may suspend the fire chief from office. But can you go further and have jurisdiction in our court? Because what you have is the decision below of the district court that on interlocutory appeal you must concede the facts decided below. I'm struggling with that. I understand that you have other arguments, but your duty in order to have jurisdiction before this court is to rely on those facts and still show your case. And I don't see how you do that here. Can you explain it without saying I want to add another argument, but directly on the determinations of the district court below? Yes, Your Honor. The district court erred when it isolated the for cause language from the rest of Article 5, Section 6. When it determined that for cause provision entailed all of the trappings of classified civil service employment after that time. Notice and a right to a hearing. The provision needed to be read in its entirety. In other words, the language at the end of that paragraph of the charter that the incumbent officers in the fire chief and assistant fire chief positions as of November 6, 2001 shall remain in the classified service until their position becomes vacant. The fire chief and assistant chiefs were not getting appointed on November 6, 2001. But their classified civil service status continued until the next vacancy. If it was clearly established that the six month mark clearly meant reverting to classified employee status, this section would be superfluous. I thought your argument turned apart on the second agreement. Or the agreement that the fire chief signed. And the district court started to treat these as two contracts and did a legal analysis to try to compare the two agreements and see how they stack up together and decide that they were ambiguous. Does that second agreement not play a factor here? With the second agreement, are you referring to his understanding of his appointment being unclassified, Judge? The document he signed that says the position of fire chief is an unclassified position and then explains what that means? Yes, yes. So I'm not asking this court to make a factual determination as it relates to that document. Well, everyone agrees he signed it, right? There's no factual disagreement that he signed this, right? There's a legal question about the import of that agreement vis-a-vis the charter where there's some conflicting language. And the district court looked at this and decided that they thought the first agreement was ambiguous. Then she used a legal principle about construing the document against the drafting party. And the court said that applying those legal principles, that his signature does not represent a knowing, volunteering, intelligent waiver. So I view that as very much a legal analysis. Judge Trench might have a different view on that. But is this part of your argument? You haven't mentioned this as far as I understand. So is this part of your argument or is it not? Yes, Your Honor. The understanding is absolutely part of the argument. It's relevant also under Corbett v. Garland where the employee and the employer's understanding of that person's status was relevant to whether the right was clearly established to due process in that case. The understanding not only acknowledged that his employment was unclassified. It specifically acknowledged giving up right to a hearing that classified employees would otherwise have. How do you find clearly? I know you're just focusing on Pronto qualified immunity. How do you pose the qualified immunity question that we should be asking? What should have been clearly established at this point? It's our position, Your Honor, that this position was unclassified under the charter and was not owed any other due process other than what was set forth in the charter. However, should the court find that the four cause language did establish some additional process, it would not have been clearly established in March of 2023 that that was the case. Okay. You'll have your rebuttal time. Thank you. May it please the Court, Stephen M. on behalf of the Plaintiff Appellee, Mike Washington, who is here with us in the Court today. I'd like to begin with what I think is the most salient fact here or the most salient issue that Judge Blumenkatz identified. And that is that the question before the Court is not whether Mr. Washington was in a classified or unclassified position. The question is whether or not he could be terminated with or without cause. The jurisprudence in this country and in this circuit has been completely consistent for the last 40 years that if a public employee can be terminated only for cause, then that employee has a property interest under the 14th Amendment. And it cannot be removed or taken away without due process of law. So I would urge the panel not to get caught up in this irrelevancy of whether it was a classified or unclassified position. What about the second agreement? There's this very high level generality of right that if there's a property right, it can't be deprived without a pre-termination hearing. But here you have another agreement that has conflicting language that arguably undermines the property right at issue here. First of all, I don't believe it's conflicting, Your Honor, because at the time he signed that memorandum of understanding, he could be terminated at will. At that time, his right for cause determination before being fired did not exist yet. So there was no conflict between the MOU and the Charter. Well, this says the position of fire chief. It doesn't say the position for the first six months. It just says globally the position of fire chief is unclassified, and then it goes on to explain that there's no property interest as a result. Right. And unclassified, the existence of a classified or unclassified position does not just relate to whether or not there has to be cause for termination. Being in the classified civil service has a number of implications to it, including whether or not you have to sit for a competitive examination and so forth. So stating that he's unclassified, which... The issue here is the property interest that can't be deprived without a pre-termination hearing, right? Right. I think that's what we're focused on. And this agreement says can be dismissed from employment without cause at any time. So that would suggest there was no property interest. At that time, he could be terminated for without cause, Your Honor. Yes. I respectfully have to disagree, Your Honor. And I would point out that in line with Judge Stranch's questions to my colleague, this is a purely factual question. What are those facts? Everyone agrees that this agreement was signed. Everyone agrees there's a charter, there's another agreement, they're signed. What are the facts? Whether or not there was a voluntary, intelligent, and knowing waiver. And she construes that against the city. She recognizes the other agreement. And she says that she finds that the plaintiff, that his signature on the memorandum does not represent a knowing, voluntary, and intelligent waiver. There's no reference there to any facts, other than there's these two agreements, they were signed, there's the language. I think to judge the existence of a knowing and voluntary and intelligent waiver is a quintessential factual question. What are the facts that you think, what do we need to know? What are the facts we need to know? We need to know when that document was signed. We need to know whether or not that document explicitly referred to. I thought you were telling me it was signed within the first six months. I thought that was your point. Is there a dispute over when it was signed? I thought you said it was signed during the first six months. That's why. I mean the fact that it was signed at the very beginning of his employment, when he could be terminated without cause. So we know when it was signed? Yes, we know. You just told me there was a factual dispute over when it was signed, but I think we know when it was signed. No, I didn't say there was a factual dispute as to when it was signed. I was saying that's an important fact. But there's no dispute over it. There's no dispute over that fact. They can concede your version of it, but your version is the same as their version. No, Your Honor. I respectfully disagree because in order to determine whether there was a knowing, intelligent, and voluntary waiver of a known right, you have to look at the facts that underlay the signing of that MOU. And if you look at those underlying facts, the court below held that there was a dispute of fact as to whether or not there was a waiver. What are the facts that inform that? What are the facts that are disputed that in your mind the district court judge's opinion turned on? Whether or not my client voluntarily, intelligently, and knowingly waived a known right. But we have in other contexts where we talk about knowing and voluntary waivers. In other contexts, like a plea agreement or things like that, when you waive rights and we ask whether it's knowing and voluntary and an intelligent waiver, the district court often does engage in some fact findings like did your attorney explain to you that you have a right to a trial, that you're not giving up. Are there facts like that that are relevant to this? Like did Mr. Washington know that the charter gave him a right to or included a for-cause removal position? Would that be a fact that's relevant to whether a waiver is knowing and voluntary? Certainly. Certainly. Yes. And he was aware of the charter, absolutely. Even if this city is not contesting whether this is knowing and voluntary, even if they say hey, maybe he didn't know what was in the charter, maybe this wasn't fully knowing and voluntary, can they still look at this and say hey, but given that he signed this, even if it wasn't necessarily knowing and voluntary, he signed this and how can it be clearly established that we had to give him a hearing given that this signed document exists? Because the document, first of all, does not refer to the charter and the document is not inconsistent with the charter and the document was signed before the charter right kicked in or was triggered and the document makes no reference to the charter. It doesn't say, for instance, that I'm waiving my right to be terminated only for cause after six months. Those are all legal questions, I think, right? Do you agree? I don't agree, Your Honor. No, I think that... It is the way you pose them. I thought they were law. What's the case, what's the clearly established case that tells the city manager that she was wrong to do this? Other than a case that just says there's a property right that can't be deprived. If there's a property right that can't be deprived without a hearing. I don't see how Mike Washington needs more than that, Your Honor. I don't think... He just needs that very top level case. If there's any property right that can't be deprived, that's... Because this case has unique facts of the second document that's signed that you could read to think it conflicts. That's irrelevant or you just think that top level holding is enough to clearly establish the law here? It's absolutely enough, Your Honor. The Loudermill case, the court from the case of Farhat versus Jopki in the Sixth Circuit, that any time a public employee can only be terminated for cause, that means he has a right to pre-termination due process. Those aren't QI cases, right? They are, absolutely. They're not protected by Farhat. They're not cases that have the same facts or even really... The second agreement, to my mind, is a pretty big deal. So none of those cases had that aspect to them, right? No, I can't point, Your Honor, to... My client's not named Loudermill and it's not 1985 in Cleveland. It's different. It's different. It's the agreement. It's the second agreement. But the agreement is not inconsistent with the charter, Your Honor. Well, that's a legal question. And if there is a... If the court below looked at the facts and decided there's a factual dispute as to whether or not there was a waiver, that factual dispute can't be resolved and can't be raised in this interlocutory appeal. I have a question about the due process. Let's put jurisdiction aside and talk about what due process rights entail. I'm looking at the court's grant to Long of partial qualified immunity as to the post-deprivation violation. But I wonder how you take our Daily Services v. Valentino case that says that due process violations focus only on pre-deprivation process and disregard the possibilities of post-deprivation process. So if we're looking at the Peratt doctrine, I'm wondering what place it has here. If there was not pre-deprivation, then there is a due process violation, as I understand it. And the possibility of post-deprivation really has to do with cure, so to speak. You can provide something afterwards that might do cure, but only after there has been a finding of improper pre-deprivation activity. Yes, Your Honor. I'm sorry, I may be missing your point. Maybe I didn't make it clear. If we're looking at the whole package here, there is a post-deprivation acceptance finding by the court below, and I'm wondering how that fits with the Peratt doctrine and the fact that due process violations are pre-termination rights primarily. I would have to disagree that they are pre-termination rights primarily. I think that the courts look at the post-deprivation process in light of what pre-termination process, if any, was provided. And the less robust the pre-termination due process is, the more robust the post-termination process has to be. Sometimes a post-termination process, if it's rigorous enough, can cure any defects in the pre-termination due process. But I think that Judge Bowman was correct in concluding that there was an issue of fact as to whether or not the post-termination due process that was offered to my client here, that is going back to Cheryl Long, City Manager Long, for the same person who had just fired him having to go back to her for the post-termination process, whether that was futile or not. If you're on me. I'm trying to understand the QI question we should be asking. One way you might frame it is whether it was clearly established that a city manager or a city leader could not terminate an individual without a pre-termination hearing where there's a charter agreement that sets out one set of rights and there's a separate agreement that sets out a different set of rights. Again, Your Honor, I don't mean to try your patience, but I don't think the MOU sets out a different set of rights. I think the MOU sets out the fact that he was unclassified. It doesn't change the fact that after six months of employment, he can only be removed for cause. I don't see how any reasonable person could look at that language and say, okay, it says after six months, this person could be removed. So another way, no reasonable city official would have accepted that language as having any impact on the pre-termination right and the property right. No reasonable official could read the language that says you can only be removed for cause after six months and say, okay, I can remove this person. No, that's not, but there's the other agreement. So you're saying that they, everyone agrees that the city manager was aware of their agreement, correct? I don't know if everyone agrees about that. I agree that there was a memorandum of understanding that my client signed. So the proposition would have to be that no reasonable city official would read these two documents and ever conclude that they gave the city a termination right without a hearing. Not an at-will termination right, no. Not after the employee has been employed for six months. The memorandum of understanding doesn't even refer to that right, let alone tell Mike Washington that he's giving up that right. So basically two, essentially two contracts, and we have to decide how they interface, and you're saying that no reasonable official could ever have read the second one as having any impact on the first one. No reasonable official could do that in light of the charter. Well, that's the first one. So you agree they have to read both of them. The second one does not abrogate the first one, Your Honor. It simply doesn't. Right, so that's your legal interpretation of it, which I understand, but the question is whether any reasonable city official could read them and think that that second one had any import on the first. Two judges below agreed that the second one didn't have any effect on the first, and with good reason, because it doesn't. It doesn't refer to the first. It doesn't purport to abrogate the first. It doesn't purport to remove any rights that my client had under the city charter. And there's no inconsistency in saying on day one of your job, you can be terminated without cause, but on day 180 of your job, you can't be terminated without cause. Those are not two inconsistent documents, and a second grader could see the difference between those two. A second grader could read the language. I missed second grade because I was not quite seeing it that way. I didn't mean to. My apologies. I see that my time is up, and I've just put my foot in my mouth. We ask that you affirm the decision of the lower court. Thank you all. We've heard from the appellee that the effect of his acknowledgement of his unclassified appointment as fire chief either has meaning or it doesn't, or it's a fact question. Regardless, it is clear that the individual who signed that, the appellee, was on notice as of the signing that the city viewed his appointment as unclassified. Regardless of the charter language outside of that, it couldn't be. There's been some dispute about whether a waiver is knowing involuntary. It's a fact question. It's just a pure legal question. Is your argument that your client is entitled to qualified immunity, is it predicated in the idea that there was a knowing involuntary waiver here, or does it not need that? I think, Your Honor, it gets there without that argument, and that, again, is just what I was referring to in terms of the understanding that the city viewed his appointment as unclassified when combined with... You can't concede for the purposes of appeal that there was not a knowing involuntary waiver. Obviously, there's no factual dispute that this document was signed, and your argument just rests on the signing, not any issues about state of mind and knowing and intelligent and things like that. For purposes of this appeal, again, Your Honor, we are not bringing back a question. Thank you for clarifying. I know we've asked a lot about it. You heard the citation to Farhat v. Jopke. Unfortunately, the appellee continues to invite this court to engage in the same error as the court below did. That case did not mention classified in it once. The source of the property right is what's at heart here, and that is the city charter of Cincinnati. May I ask you to address the Ohio statute defamation? Let's put aside the other arguments. The district court found that there was sufficient evidence in the record for a reasonable jury to find that Long acted with actual malice, which is a factual determination. How can we exercise jurisdiction over that determination, putting aside the other issue? Yes, Your Honor, that portion of the appeal relies on the purely legal question of the application of governmental immunity under 2744.03a6. It's our contention that the trial court did not sufficiently apply the standards of... Right, but you don't get immunity if there's actual malice. So I understand Judge Strange's question to be, are you contesting then actual malice, and if so, do we have jurisdiction? Yes, I would submit this court does have jurisdiction. We are submitting there was no evidence of actual malice sufficiently established within the record. However... I'm just struggling with the answer because your brief also says that the allegedly defamatory statements were not false. I can't think of anything more quintessentially a factual determination, whether that fact is true or not. And so why doesn't that show that you don't have jurisdiction to bring at least the Ohio State claim? If I can respond to that, Your Honor, we are not contesting any of the facts other than as the district court found them or in the light most favorable to Appley when it comes to that claim. What we are presenting to this court for review is engaging with the factors for governmental immunity under the statute. Whether any of the evidence Appley was able to garner in the record actually meets the threshold to overcome that presumption of immunity for government officials in their official capacity. Any more questions? Okay. Well, thanks to both of you. The case will be submitted.